J. Ramos González & Co., Appellant, *v.* Registrar of Property of Guayama, Respondent.

No. 810. Argued May 9, 1930.—Decided May 27, 1930.

*M. Marcos Morales* for appellant.

Mr. Justice Texidor delivered the opinion of the Court.

The instrument which gave rise to the decision from which this appeal has been taken was a deed executed by Juan Ramos González, Rita Vázquez and Bernardo Caamaño for the purpose of constituting a mercantile partnership, under the name of "J. Ramos González & Co." for a period of five years, domiciled at Cayey, and whose managing partners were to be the parties to the said instrument. The contribution of Juan Ramos González was $31,043.92; that of Mrs. Rita Vázquez was $7,285 and that of Caamaño

amounted to $1,196.83. These amounts were contributed in the following manner: Ramos González contributed a one-half interest in two pieces of real estate, including lots and buildings, in Cayey, and certain merchandise and credits; his wife Rita Vázquez contributed the other half interest in the same immovables and goods; and Caamaño's contribution was in cash. It appears from the deed that the real property contributed by the Ramos-Vázquez spouses had been acquired by them during coverture. In the same deed provision was made for a basis of distribution of the profits, 20 per cent thereof corresponding to Rita Vázquez, another 20 per cent to Caamaño and 60 per cent to Ramos. Similarly it was stipulated as to the form of management, and it was agreed that any partner who violated the partnership agreement might be excluded from the partnership, and that the partnership assets could not be sold to a third person or stranger. The deed contains other clauses which are not important for the purpose of this appeal. The instrument bears date of January 16, 1928.

Upon the document being presented for record in the Registry of Property of Guayama, the registrar entered the following decision:

"The record of this instrument is refused, because the partnership contract set forth therein is in conflict with the provisions of the Civil Code relating to the conjugal partnership between husband and wife and particularly sections 1301, 1310, 1342, 1361 and 1444 of the said code; and cautionary notice has been entered instead, for the statutory period of 120 days, at folios 44 and 26, respectively, of volumes 49 and 53 of Cayey, properties Nos. 2326 and 2398, entries under letter A, it being stated in both said entries that the instrument is subject to the curable defect of the failure to show the separate character of the properties, other than the two estates referred to, contributed by the husband of Rita Vázquez, Juan Ramos González, in addition to the conjugal property; and also to the curable defect, as regards property No. 2398; of the failure to state the civil status of Juan Ramos González when he acquired such property, and, if married, that he was so married to Rita Vázquez, who was his wife at the time of the institution of the proceedings to

establish the ownership thereof. Said property No. 2398 is not encumbered, but 'the other, No. 2326, is subject to a mortgage for five thousand dollars referred to in the said instrument.''

The present appeal has been taken from the above decision.

It may and should be stated here that both the appellant and the registrar have filed brilliant, soundly reasoned briefs. We need not consider all of the legal questions raised in argument, if we find that any one of them is sufficient for our determination of the case.

It is evident that in order to constitute the partnership in question the spouses Ramos González and Rita Vázquez have attempted a partition, if not actual, at least juridical, of property acquired by them during coverture and which has the character of conjugal property; and, considering themselves as owners each to the extent of a one-half interest in such property, they contributed their respective shares therein. Likewise there is no doubt that with reference to the yield, more or less direct, from such properties they have provided a standard of distribution, which is not on the basis of share and share alike, and a system of administration, under which either the husband, the wife, or a third person (Caamaño), might be the administrator, even with power to sell and barter.

We have no doubt in our minds that the properties in question have the character of conjugal property, not only because of the presumption established by law (Section 1282 of the Civil Code) but because it is so shown by the testimony of the spouses themselves.

A conjugal partnership is not created by the will of the spouses. It is created by operation of law when nothing has been stipulated by the parties to the marriage in regard to the management of the conjugal partnership. The law has gone so far as to establish, not only the rule of community of property as the regime of the conjugal partnership, in the absence of an antenuptial agreement to the contrary, but

also the community character of any property acquired during the marriage, according to section 1322 of the Civil Code of Puerto Rico, which is as follows:

"Section 1322. All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife."

The cautiousness thus manifest in the law is not only required for the future protection of the individual spouses and of their children, but also by a consideration of the marital relation and the various aspects and purposes of the conjugal partnership in its relation to third persons.

The Civil Code of Puerto Rico has prescribed that the conjugal partnership shall begin on the same day that the marriage is celebrated and shall cease upon the dissolution thereof. Rights are acquired and responsibilities created under such partnership, and although the latter are susceptible of a final and mathematical determination, both during the existence and after the dissolution of the marital relation, the former are incapable, while the marriage lasts, of a practical fulfillment, such as that each spouse should enjoy a fixed and determined portion during the existence of the partnership. It thus appears from the Code, that whereas in sections 1323 to 1326 inclusive liabilities are recognized which may be the subject of prompt enforcement, such as debts and obligations contracted during the marriage, arrears or interest, minor repairs, support and education of the children, and others, section 1310, which is of the utmost importance as regards the character of the partnership, contains the expression "shall belong" and the condition "upon the dissolution of the marriage." This section reads as follows:

"Sec. 1310. By virtue of the conjugal partnership the earnings or profits indiscriminately obtained by either of the spouses during the marriage shall belong to the husband and the wife, share and share alike, upon the dissolution of the marriage."

The conjugal property belongs to the marital community as long as the marriage continues. It is only upon the dissolution of the latter, and not before, that the moieties mentioned in the law may be determined. The will of the spouses can not invalidate the mandate and creation of the law. The first thing that the spouses do by this deed is to anticipate a future situation which is not yet available to them, and to consider as a fact that which is only a right *in potentia*. Thus they attempted to adjudicate to each other the ownership of a moiety of the said property, and to base thereon their individual contributions.

Furthermore, according to the law, the rents, fruits, or interest, derived from the conjugal property belong, eventually and at the proper time, share and share alike, to the spouses or their successors in interest. How can the spouses change beforehand that basis of distribution and reciprocally allot to themselves unequal shares in such earnings?

Still more serious is the question of management. By law, the husband is the manager of the conjugal partnership (section 1327 of the Civil Code) and it is only in case of his incapacity or absence that the management is transferred to the wife (section 1347). Under the deed herein the property contributed may be managed either by the husband, the wife, or a third person: Caamaño.

The registrar is right as to this question.

For the reasons stated, the decision refusing the record of the deed of partnership executed by Juan Ramos González, Rita Vázquez and Bernardo Caamaño before notary Miguel Marcos Morales in Cayey on January 16, 1928, is affirmed.